IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christopher A. McLaughlin,  :

    Plaintiff,  :

    v.  :   Case No. 2:11-cv-454

Michael J. Astrue,  :   JUDGE JAMES L. GRAHAM
Commissioner of Social Security,   Magistrate Judge Kemp

    Defendant.  :

## OPINION AND ORDER

On April 30, 2012, the Court adopted a Report and Recommendation of the Magistrate Judge, sustained plaintiff's statement of errors, and remanded this social security case to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four. Plaintiff has now moved for an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412. Opposing and reply memoranda have been filed, and the motion is now ready to decide. For the following reasons, plaintiff's motion will be granted.

I.

The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that in certain litigation involving the United States, the Court shall award to a prevailing party other than the United States attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The party seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing party and is eligible to receive a fee award. It must also document the amount sought, including an itemized statement from

the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified. Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person." Pierce, supra, at 565. As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact. Jankovich v. Bowen, 868 F.2d 867 (6th Cir.

1989). Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in <u>Trident Marine Construction</u> to this application for attorneys' fees.

II.

In this case, plaintiff seeks an award of $4,021.58 for 21.60 hours of work, using an hourly rate of $184.25. In response, the Commissioner does not argue that an award should not be made, but takes issue with the hourly rate, arguing that in the absence of certain types of evidence - specifically, evidence apart from the attorney's own affidavit that the rate requested is in line with that charged by other attorneys in the community providing similar services - no hourly rate beyond the $125.00 rate specified in the EAJA may be used. Defendant's Memorandum in Opposition, Doc. 19, at 2, <u>citing Bryant v. Comm'r of Social Security</u>, 578 F.3d 443, 450 (6th Cir. 2009). The Commissioner cites to a plethora of decisions from other Judges of this Court which have rejected any increase in the presumptive EAJA hourly rate of $125.00 without either affidavits from other members of the bar, or the results of a bar association fee survey for the community in which plaintiff's counsel practices. <u>See id</u>. at 2-3; <u>but see Grady v. Comm'r of Social Security</u>, Case No. 2:11-cv-763 (S.D. Ohio February 14, 2012)(Frost, J.)(rejecting the concept that an attorney's own affidavit about matters which are within the scope of the attorney's knowledge is not competent evidence to support a fee adjustment under the EAJA).

Plaintiff, in reply, has supplemented his application. The additional documentation attached to the reply includes evidence that, in another case before this Court, plaintiff's counsel was awarded fees at the rate of $200.00 per hour; a state bar association publication entitled "The Economics of Law Practice in Ohio in 2010," showing the median hourly billing rate in Ohio to have been $200 in 2010, with somewhat higher figures for both downtown and suburban Columbus attorneys, and mean and median

rates for attorney practicing administrative law of between $180.00 per hour and $203.00 per hour; and orders from other cases where the Commissioner has stipulated, and the Court has awarded, more than the $125.00 hourly rate based on consumer price index information similar to that presented in this case.

The Commissioner has not filed a surreply, which, of course, can be done only with leave of Court, but neither has the Commissioner moved for leave to do so. The Court concludes from the absence of such a motion that the Commissioner does not intend to offer further argument on this issue, and it finds that the information provided as part of the reply addressed the deficiencies which the Commissioner identified in his memorandum in opposition. Therefore, the Court will grant the motion as filed.

For these reasons, plaintiff's motion for attorneys' fees under the Equal Access to Justice Act (Doc. 18) is **GRANTED**. Plaintiff is awarded the sum of $4,021.58 as fees. The award shall be payable to the plaintiff unless the Social Security Administration can verify that plaintiff owes no pre-existing debt subject to offset and agrees to make payment directly to plaintiff's attorney.

**IT IS SO ORDERED.**

Date: July 17, 2012                s/James L. Graham
                                       James L. Graham
                                       United States District Judge